IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VONELL LAVELL SHAW,

                Plaintiff,

v.                                                      OPINION and ORDER

JONATHAN BOHNSACK, KYLE FERSTYL,                 23-cv-5-jdp
TIMOTHY HOUG, and JONATHAN KORDUCKI,

                Defendants.

---

Plaintiff Vonell Lavell Shaw, without counsel, proceeds on an excessive force claim. Defendants have moved for summary judgment, contending that Shaw failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 15. I will grant defendants' motion and dismiss this case without prejudice.

BACKGROUND

The events underlying Shaw's excessive force claim occurred on May 4, 2022. On May 23, 2022, Shaw filed an inmate complaint alleging that correctional staff used excessive force on him. Dkt. 18-2 at 8–9. A day later, institution complaint examiner W. Stolpa rejected the complaint as untimely, determining that Shaw filed it more than 14 days after the underlying events and failed to make a "plea for good cause" to excuse his untimely filing. *Id.* at 2.

Shaw appealed the rejection of his inmate complaint, contending for the first time that he had good cause for his untimely filing because: (1) he was often on clinical observation status; and (2) his behavioral management plan limited his access to property he needed to file an inmate complaint. *See id.* at 24. Reviewing authority L. Fuchs decided that Stolpa's rejection was appropriate. *Id.* at 5–6,

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. As relevant here, a prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." *Id.* A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Shaw failed to exhaust available administrative remedies. Shaw filed his inmate complaint outside of the 14-day time limit and failed to contend in it that good cause excused his late filing. Shaw didn't comply with § 310.07(2)'s procedural requirements, and Stolpa and Fuchs rejected his inmate complaint for that reason. *See Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005) ("[A] procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming."). In his appeal, Shaw contended for the first time that he had good cause for filing his inmate complaint late. But that effort doesn't excuse Shaw's failure to contend *in the inmate complaint* that good cause excused his late filing. *See Koch*, 902 F.3d at 687; *Pozo*, 286 F.3d at 1025; *see also Fitzpatrick v. Fruehbrodt*, 843 F. App'x 814, 815 (7th Cir. 2021) (stating that § 310.07(2) "requires an inmate to file a grievance within 14 days of an alleged incident or explicitly provide the reason for the late filing").

Shaw states that prison officials stopped him from filing his inmate complaint on time, primarily because: (1) institution complaint examiner Mary Leiser told him that he didn't have to file an inmate complaint because he had sought to resolve his issue with Fuchs informally; and (2) defendant officer Timothy Hough denied him an inmate complaint form and writing utensil while he was on a behavioral management plan, and falsely told him that another inmate filed an inmate complaint for him. Dkt. 26 at 4–6. Even if Leiser and Shaw committed that conduct, Shaw had to "explicitly justify his untimeliness" in the inmate complaint. *See Fitzpatrick*, 843 F. App'x at 815; *see also McCoy v. Gilbert*, 270 F.3d 503, 511 (7th Cir. 2001) (because prison "had the authority to take some sort of action with respect to a tardy complaint," the prisoner had to make "an attempt to use [the prison's] administrative

3

process"). Leiser and Hough's misleading behavior would not have stopped Shaw from taking that step at that later time.

In essence, Shaw contends that prison officials were internally investigating his complaints about excessive force, which excused his failure to exhaust § 310.07(2). But the mere initiation of an internal investigation wouldn't excuse Shaw of the requirement to exhaust the DOC's administrative process; the investigation would have to make that process unavailable. Even if prison officials were internally investigating (officially or otherwise) Shaw's complaints about excessive force, the evidence conclusively shows that he could have exhausted § 310.07(2): he filed (though late) an inmate complaint and knew of the alleged reasons for the late filing at that time. If Shaw was confused about whether to request permission to file his inmate complaint late, he should have "err[ed] on the side of exhaustion" and made that effort. *See Ross*, 578 U.S. at 644; *see also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try." (emphasis in original)).

Because defendants have shown that Shaw failed to exhaust available administrative remedies, I will grant their motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 15, is GRANTED. This case is DISMISSED without prejudice for failure to exhaust administrative remedies.

4

2. The clerk of court is directed to enter judgment and send plaintiff a copy of this order.

Entered February 20, 2024.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge